UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RODRICK G. DeROCK,

               Plaintiff,

v.

B. LYNN WINMILL, District Judge,

               Defendant.

Case No. 1:15-cv-00291-CWD

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Plaintiff Rodrick DeRock filed his complaint against District Judge B. Lynn Winmill on July 28, 2015, requesting permission to proceed in forma pauperis and appointment of counsel. DeRock consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Dkt.7).[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Pursuant to 28 U.S.C. §1915, this Court must review Plaintiff's in forma pauperis complaint to determine whether it should be summarily dismissed.

---

[1] Consent of the defendant is not necessary in this case because no one has appeared or has been served. *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that in an in rem civil forfeiture action wherein the plaintiff consented, the magistrate judge had jurisdiction to enter a final judgment over a defaulted person who was technically not a "party" to the litigation).

**MEMORANDUM DECISION AND ORDER  - 1**

Here, DeRock's Complaint is subject to dismissal based upon previous orders from both this Court and the United States Court of Appeals for the Ninth Circuit, and because Judge Winmill is entitled to immunity from suit.

## BACKGROUND

DeRock is a frequent filer in this Court, having filed ten cases upon which his latest complaint is based.[2] The cases are as follows:  (1) *DeRock v. Sprint-Nextel*, 1:11-cv-00619-BLW-LMB; (2) *DeRock v. Boise City, et al*, 1:12-cv-00024-BLW-LMB; (3) *DeRock v. Boise City Attorney's Office*, et al, 1:12-cv-00168-BLW-LMB; (4) *DeRock v. Hous. and Urban Dev.*, 1:12-cv-00169-BLW-LMB; (5) *DeRock v. Boise City Police Dept.*, 1:12-cv-00176-BLW-LMB; (6) *DeRock v. DeKelley*, 1:12-cv-00177-BLW-LMB; (7) *DeRock v. Legal Aid*, 1:12-cv-00301-BLW-LMB; (8) *DeRock v. Intermountain Fair Hous. Council*, 1:12-cv-00305-BLW-LMB; (9) *DeRock v. Idaho Depart. Of Health & Welfare*, 1:12-cv-00316-BLW-LMB; and (10) *DeRock v. Living Independence Network Corp.*, 1:12-cv-00339-BLW-LMB.

On July 20, 2012, District Judge B. Lynn Winmill consolidated all ten cases for ease of administration, and directed that anything further filed in any of the cases would be filed under the lead case, *DeRock v. Sprint-Nextel*, 1:11-cv-00619-BLW-LMB. In the previous lawsuits, DeRock alleged a conspiracy centered upon an ongoing dispute he had regarding an increase of $64 in rent at his place of residence. The common theme running

---

[2] DeRock has filed other cases as well. Those include *DeRock v. Housing and Urban Development*, 1:11-cv-00133-MHW, and *DeRock v. Boise Police Department*, 1:11-cv-00138-MHW, both of which were dismissed as frivolous.

**MEMORANDUM DECISION AND ORDER  - 2**

throughout all ten cases was an alleged conspiracy by the defendants named in each action to have him evicted or unlawfully pay increased rent.

On August 9, 2012, Magistrate Judge Larry M. Boyle issued a report and recommendation that all ten of Plaintiff's complaints be dismissed with prejudice, and that a vexatious litigant order be entered. On September 26, 2012, Judge Winmill adopted the report and recommendation, dismissed all ten cases, denied DeRock's requests to proceed in forma pauperis, and ordered that DeRock obtain approval of the Court before filing any new complaints.

DeRock sought again to file eleven additional complaints, all of which were identical to the previous ten complaints, with the addition of a motion to disqualify Judge Winmill. (*See* Case No. 1:11-cv-00619-BLW-LMB). The Court denied DeRock permission to file the complaints on June 22, 2014, which order DeRock appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed Judge Winmill's order denying DeRock in forma pauperis status on the grounds that the additional eleven complaints were frivolous. Included in its order, the Ninth Circuit stated also that it rejected, as lacking any factual basis, DeRock's conclusory contentions that the district judge was covering up crimes being committed against DeRock by denying him permission to file the additional eleven related actions. (Mem. of USCA, September 4, 2014, Case No. 1:11-cv-00619-BLW-LMB (Dkt. 35.)).

Meanwhile, DeRock appealed the order by Judge Winmill entered on September 26, 2012, which dismissed the first ten complaints. The Ninth Circuit issued a written decision on March 12, 2015, regarding Judge Winmill's September 26, 2012 Order,

**MEMORANDUM DECISION AND ORDER  - 3**

affirming dismissal of nine of the ten cases, and in case number 1:12-cv-0024, affirming

in part, reversing in part, and remanding the matter to the Court. The Ninth Circuit found

that the Court properly dismissed nine of the ten actions as either frivolous or for failure

to state a claim, because DeRock alleged unsupported legal conclusions and fanciful

allegations in those complaints. The Ninth Circuit further found that the Court did not

abuse its discretion in denying leave to amend in all of these actions on the grounds of

futility, other than *DeRock v. Boise City*, 1:12-cv-0024-BLW-LMB.

   The appellate court explained that leave to amend DeRock's disability

discrimination claims (but not his conspiracy claims) against the City of Boise should

have been granted because amendment was not necessarily futile. Accordingly, the Ninth

Circuit reversed and remanded Case No. 1:12-cv-0024-BLW-LMB as to DeRock's

disability discrimination action against defendants Boise City/Ada County Housing

Authority. The Ninth Circuit addressed also the Court's pre-filing restriction, as it was

not narrowly tailored to DeRock's vexatious filing of lawsuits regarding his rental dispute

and re-litigation of previously dismissed claims. The court further rejected DeRock's

contentions concerning Judge Winmill's alleged involvement in a cover-up or conspiracy

against him.

   Upon remand of Case No. 1:12-cv-0024-BLW-LMB, the Court on April 16, 2015,

issued an order allowing DeRock to file an amended complaint against the Boise

City/Ada County Housing Authority for failure to accommodate his disability, and setting

forth the standard to follow under various, potentially applicable, statutory authorities.

(Dkt. 23.) The Court granted DeRock's in forma pauperis request and his request for

**MEMORANDUM DECISION AND ORDER  - 4**

counsel. The Court directed the Clerk to attempt to find pro bono counsel, and ordered DeRock to file an amended complaint within 60 days. That matter is still pending, and no counsel has been located.

Upon reconsideration of its vexatious litigant order, the Court narrowed its restriction, and the vexatious litigant order on file in this Court applies to further lawsuits regarding DeRock's rental dispute and any re-litigation of previously dismissed claims related thereto.

Here, DeRock wishes to file a lawsuit against Judge Winmill for covering up a conspiracy against his rights based upon the Ninth Circuit's remand of Case No. 1:12-0024-BLW-LMB. Within his complaint, DeRock re-asserts the claims he previously asserted in the ten cases consolidated under Case No. 1:12-cv-00619 regarding his rent dispute.

## STANDARD OF REVIEW

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court must conduct an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). Because Plaintiff is proceeding pro se, the Complaint must be liberally construed, and Plaintiff must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, Plaintiff should be notified of the deficiencies and provided an opportunity to amend. *See Jackson*

*v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## DISPOSITION

The Court's vexatious litigant order applies to any and all claims asserted in this matter attempting to relitigate DeRock's rental dispute. DeRock has been allowed to pursue his disability discrimination claims against Boise City/Ada County Housing Authority, and that matter is pending in this Court, separate from this new complaint. Case No. 1:12-cv-0024-BLW-LMB.

The conspiracy claims asserted against Judge Winmill in this new complaint also have been foreclosed, both by this Court and the Ninth Circuit. The Ninth Circuit squarely rejected DeRock's contentions regarding Judge Winmill's alleged involvement in a cover-up or conspiracy against him.

Finally, turning to the merits of the claims asserted in this new complaint, the Court finds they are not only frivolous and malicious given the prior history recounted above, but also subject to dismissal on the grounds of judicial immunity. The complaint alleges Judge Winmill should be subject to suit for a "conspiracy against [DeRock's] rights" because the Ninth Circuit remanded Case No. 1:12-cv-0024-BLW-LMB. DeRock contends that his prior nine lawsuits were not frivolous, and should have been considered.

The United States Supreme Court has held that individuals performing certain governmental functions have absolute immunity from liability under 28 U.S.C. § 1983. *Nixon v. Fitzgerald*, 457 U.S. 731, 751–752 (1982). Whether absolute immunity is available to an official does not depend on the official's job title or agency; the focus is on the function that the official was performing when taking the actions that provoked the

**MEMORANDUM DECISION AND ORDER - 6**

lawsuit. *Bothke v. Fluor Eng. and Constructors, Inc.*, 713 F.2d 1405, 1412 (9th Cir. 1983). The Supreme Court has recognized absolute immunity for those performing judicial, legislative, and prosecutorial functions. *Nixon*, 457 U.S. at 745. Absolute immunity is accorded to these functions so that the decision making process is not hampered by a fear of lawsuits. *Id*.

Judges are accorded absolute immunity to suits for monetary damages for their judicial acts. *Nixon*, 457 U.S. at 744. It is well settled that "judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official functions." *Partington v. Gedan*, 961 F.2d 852, 866 (9th Cir. 1992) (quoting *Ashelman II v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)). "A judge is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The scope of absolute immunity is broadly construed to ensure independent and disinterested judicial and prosecutorial decision making. *Ashelman II*, 793 F.2d at 1078.

Judge Winmill, as part of his official duties, presided over the ten previous actions filed by DeRock, and issued orders relating to those proceedings. Rulings on DeRock's motions, including his motion to proceed in forma pauperis, are all judicial acts within the ambit of absolute immunity; all of the acts required judicial discretion, and were part of Judge Winmill's official duties. The doctrine of absolute immunity bars DeRock's conspiracy claims as set forth in his complaint. *See Samuel v. Michaud*, 980 F.Supp. 1381, 1400-1401 (D. Idaho 1996).

**MEMORANDUM DECISION AND ORDER  - 7**

Because no amendment would save DeRock's claims, leave to amend will be denied.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Complaint (Dkt. 1) is **DISMISSED** with prejudice and without leave to amend.

2) Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 2) is **DENIED as MOOT**.

3) Plaintiff's Request for Appointment of Attorney (Dkt. 3) is D**ENIED as MOOT.**

4) The Clerk shall close this case.

Dated: **August 10, 2015**

Honorable Candy W. Dale
United States Magistrate Judge